**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0916-18T3

JOSEPH ELCHIN,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted March 25, 2020 – Decided June 29, 2020

Before Judges Koblitz and Whipple.

On appeal from the New Jersey State Parole Board.

Alissa D. Hascup, attorney for appellant (Jeff Edward Thakker, of counsel; Alissa D. Hascup, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the briefs).

PER CURIAM

Joseph Elchin appeals from a September 26, 2018 Final Agency Decision of the New Jersey Parole Board revoking his Parole Supervision for Life (PSL) and imposing a twelve-month future eligibility term (FET) for violating PSL Special Conditions that required he refrain from: 1) using any computer or device to create any social networking profile or to access any social networking service or chatroom and 2) destroying information or data from a computer or device.

Elchin pled guilty in 2006 to luring or enticing a child, N.J.S.A. 2C:13-6; attempted endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and purchasing a firearm without a permit, N.J.S.A. 2C:58-3, after he engaged in online chats and telephone conversations with a detective from the Passaic County Sherriff's Department who was posing as a minor. He was sentenced to five years in prison and PSL under Megan's Law, N.J.S.A. 2C:43-6.4. Upon completion of his custodial sentence, in 2008, Elchin was committed to the Special Treatment Unit (STU) pursuant to the New Jersey Sexually Violent Predators Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. Elchin was conditionally discharged from SVPA commitment and ordered to abide by conditions of PSL in 2017.

A-0916-18T3

At the time of his civil commitment, he signed two PSL certificates acknowledging his receipt of the PSL conditions of supervision. These conditions included certain special conditions, pre-approved by a Board panel under N.J.A.C. 10A:71-6.12(k), that required him to notify his parole officer before purchasing, possessing, or utilizing any computer or device that permitted access to the Internet and to refrain from possessing or using any data encryption techniques or software programs that conceal, mask, alter, eliminate or destroy information or data from a computer or device. In addition, Elchin's PSL certificate included a social networking condition initially imposed by the Board in 2007 on all PSL offenders as a "special condition," regardless of the individual offender's underlying offense and criminal history.

On March 2, 2018, during a routine home visit, Elchin's parole officer searched his phone and discovered he had created a social networking profile under his name on the website "Classmates.com." The profile showed he engaged in online conversations with at least one person and had attempted to engage two others. The parole officer also discovered Elchin deleted most of the web browsing history from his phone. When questioned, Elchin denied creating the profile but he later admitted to engaging in the online chats and deleting his web browsing history.

3

Elchin was served with a Notice of Probable Cause Hearing which set forth the parole conditions Elchin was charged with violating. Elchin waived the probable cause hearing and proceeded to a final parole revocation hearing. The parole officer and Elchin both testified.

Elchin pleaded not guilty to the violation that he was using his computer to create a social networking profile and accessing a social networking service. He asserted he never intended to utilize online social media websites and only clicked on a link from a Classmates.com email he received. Elchin further asserted he did not believe Classmates.com was a social networking website and when he clicked the link, embedded in the email, the site "auto filled" his personal information into an account. He acknowledged having conversations with one person and admitted to engaging two others. Elchin's parole officer testified, however, a person cannot engage others in conversation on Classmates.com without first creating a profile.

Regarding the second alleged violation, deleting his web browsing history, Elchin pleaded guilty with an explanation. He asserted he did not intentionally delete his browsing history in order to hide anything. Instead, Elchin testified that he would periodically delete the browsing history, "just like someone would delete their email history."

A-0916-18T3

The hearing officer found by clear and convincing evidence that Elchin violated the conditions of his supervision, the violations were serious, and that they warranted parole revocation. On May 2, 2018, a two-member Board Panel reviewed the record, concurred with the hearing officer's decision, and imposed a twelve-month FET. Elchin filed an administrative appeal and on September 26, 2018, the full Board affirmed the two-member Panel's decision. Elchin filed this appeal.

On appeal Elchin argues the social media restrictions violated his First Amendment right to free speech and his PSL should not have been revoked. He also argues there was insufficient evidence to establish Elchin violated the condition that required he refrain from destroying information or data from a computer or device.

While this appeal was pending we asked the parties for supplemental briefs to address State v. R.K., __ N.J. Super. __, __ (App. Div. 2020) (slip op. at 31-37), where we held that a condition of parole imposing a blanket prohibition on online social networking is both unconstitutional on its face and as it was applied to R.K. In its supplemental brief, the Board conceded that Elchin was subject to the same social networking condition that we deemed

5

unconstitutional. Thus, the Board's determination that Elchin violated the social networking conditions of PSL is invalid.

Nevertheless, the Board also found Elchin violated his conditions of PSL because he admitted he did not refrain from possessing or using any data encryption techniques or software program that conceals, masks, alters, eliminates and or destroys information. Our review of the record supports the finding that Elchin violated the terms of PSL because he failed to refrain from possessing or using any data encryption techniques or software program that conceals, masks, alters, eliminates or destroys information or data from a computer or device, as evidenced by Elchin's use of the history tool on his cell phone web browser to delete his web browsing history. Because Elchin has purportedly completed his sanction, we do not reach any discussion of whether this violation, standing alone, would have merited the imposition of the same sanction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0916-18T3